## John Brown *versus* Moses Copp.

In debt upon an arbitration bond, the defendant pleaded no award made within the time limited in the condition of the bond. To this the plaintiff replied that the parties, by deed, subsequently to the time of making the bond, agreed to extend the time for making the award, and set out an award made within the extended time—it was held upon demurrer that the replication was good.

Debt upon a bond. The defendant craved oyer of the bond and of the condition, which was, in substance, that if the defendant should abide and perform the award of three arbitrators, chosen by the parties to determine all controversies between them, the award being made and ready to be delivered to the parties, on or before the 1st December, 1828, then the obligation to be void. He

then pleaded no award made on or before the said first day of December.

To this plea the plaintiff replied, that after the making of the bond, to wit, on the 4th November, 1828, the said parties, by deed, agreed that the time mentioned in the condition of the bond for the arbitrators to make and deliver their award, be extended to the 1st July, 1829. He then set out an award made after the 1st December, 1828, and before the 1st July, 1829, and alleged as a breach of the condition of the bond, the non-performance of the award thus made. To this replication the defendant demurred, and the plaintiff joined in demurrer.

*Lyford*, for the plaintiff.

*Cogswell*, for the defendant.

*By the court.* We are of opinion that the replication in this case is sufficient. The extended time for making the award may be considered as a substitution for the time mentioned in the condition, and then the remedy upon the bond is the same as if the extended time had been originally in the condition. There is no doubt, that a defeasance may be made or altered, after the obligation is executed. The case of *Creig* v. *Talbot*, 2 B. & C. 179, is an authority directly in point.